UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD L. HILTON,

    Plaintiff,                    Case No. 16-11347
                                                Honorable Robert H. Cleland
v.                                   Magistrate Judge Elizabeth A. Stafford

ROBERT PICKELL, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION TO DISMISS THIS SUIT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

**I.    INTRODUCTION**

On April 11, 2016, Edward Hilton filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Robert Pickell and "Doctor Lloyd" of the Genesee County Jail. [R. 1]. On July 12, 2016, Defendant Dennis Lloyd, D.O., filed a motion to dismiss, and on July 19, 2016, Pickell filed a notice of joinder/concurrence in the motion. [R. 16; R. 17]. Due to Hilton's failure to respond to these motions, the Court entered an order to show cause by October 14, 2016, why the complaint should not be dismissed for failure to prosecute. [R. 18]. Since Hilton has failed to file a response to defendants' motion to dismiss or to order to show cause, the Court **RECOMMENDS**

that his complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## II. ANALYSIS

If a plaintiff fails to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999). This Court's local rules further provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

Here, because Hilton failed to respond to the motion to dismiss or to the order to show cause, dismissal for lack of prosecution is warranted. In

light of his status as a *pro se* plaintiff, dismissal without prejudice is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: October 31, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2016.

                                    s/Marlena Williams
                                    MARLENA WILLIAMS
                                    Case Manager